IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV109-MU-1

PHILLIP WAYNE FRAZER,        )
                             )
        Plaintiff,            )
                             )
        v.                    )     **O R D E R**
                             )
GASTON COUNTY,                )
                             )
        Defendant.            )
_____)

This matter is before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. §1983 (Doc. No. 1), filed March 19, 2009.

In his Complaint Plaintiff alleges that on April 5, 2006, he "was wrongfully, and falsely and illegally imprisoned under the "name" Phillip Wayne Rutter, which was committed by an act of fraud by the Defendant/Accused namely Gaston County pursuant to its policies and laws under the 'North Carolina General Statutes' of which 'I' highly believe were never enacted as prescribed by law (constitutional law)." Plaintiff further alleges that "Gaston County wrongfully stripped me of my name/ 'identity' whereas I was displaced, taken out of my proper person, falsely charged with a criminal offense without legal due process of law, and then illegally imprisoned due to self-incrimination made by use of force." Through this action, Plaintiff seeks to be released from prison and seeks punitive and compensatory damages.

Plaintiff's Complaint is barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must

prove that the conviction or sentence was (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into question by a federal court's issuance of a § 2254 writ. Heck v. Humphrey, 512 U.S. 477 (1994). If the prisoner cannot make this showing, his claim is not cognizable. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, a district court should dismiss the §1983 action. Id. In the instant case, a ruling in Plaintiff's favor regarding his allegations would necessarily imply the invalidity of Plaintiff's conviction. Plaintiff has not offered proof that he can satisfy any one of the requirements listed above and therefore he may not proceed with his claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

Signed: March 24, 2009

Graham C. Mullen
United States District Judge